PATRICIA L. GLASER - State Bar No. 55668
pglaser@glaserweil.com
KERRY GARVIS WRIGHT - State Bar No. 206320
kgarviswright@glaserweil.com
RORY S. MILLER - State Bar No. 238780
rmiller@glaserweil.com
GLASER WEIL FINK HOWARD
  AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

Attorneys for Defendants
Gurbaksh Chahal, Nikhil Sharma,
and Gravity4, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| YOUSEF KHRAIBUT,<br><br>    Plaintiff,<br><br>v.<br><br>GURBAKSH CHAHAL, et al.,<br><br>    Defendants. | CASE NO.: 3:15-cv-04463-CRB<br>Hon. Charles R. Breyer<br><br>**DECLARATION OF MICHELLE LOUANGAMATH IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL ARBITRATION**<br><br>DATE:    January 29, 2016<br>TIME:    10:00 a.m.<br><br>TRIAL DATE:  None Set |

### DECLARATION OF MICHELLE LOUANGAMATH

I, MICHELLE LOUANGAMATH, declare and state as follows:

1. I have personal knowledge of the facts set forth herein, and if called upon to testify thereto, I could and would competently do so under oath.

2. I was employed by Gravity4, Inc. from July 2014 to June 2015. I began as the executive assistant to Gurbaksh Chahal and, in February 2015, I became the Gravity4 chief of staff.

3. In or about early August 2014, Gravity4 began to use a new form of non-disclosure agreement for its employees. Mr. Chahal asked me to be responsible for getting employees to sign the agreement. I recall that I sent an email to all employees with a copy of the agreement and asked them to sign and return the agreement to me. I also printed a copy of the agreement and left it on each person's desk.

4. In the case of Yousef Khraibut, he walked his signed agreement to me at my desk. This was in early August 2014, shortly after I had given the agreement to him and others in early August 2014. I did not have to follow-up with him or remind him to sign it.

5. I retained Mr. Khraibut's original signed agreement and kept it at my desk with all of the other signed agreements (including mine). Mr. Khraibut did not ask for a copy of his signed agreement.

6. Attached hereto as Exhibit A is a true and correct copy of Mr. Khraibut's signed agreement.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration is executed on November 20, 2015 at Menlo Park, California.

                                                            MICHELLE LOUANGAMATH

# Exhibit A

# GRAVITY4

We know your customers are limitless.™

**EMPLOYMENT AND NONDISCLOSURE AGREEMENT**

This Employment and Nondisclosure Agreement ("Agreement") is entered into by and between Employee, _____ ("Employee") and CEO Gurbaksh Chahal ("Chahal" or "CEO") on this ___ day of August 2014. Employee agrees and acknowledges that this Agreement and him or her compliance herewith are material conditions of him or her employment with Gravity4, Inc., (Gravity4") and in particular, any with Chahal. Employee willingly and voluntarily enters into this Agreement in consideration for the offer of employment from Gravity4, and Chahal's agreement to engage him or her as an employee of the Company.

**1. Employee's Obligation to Maintain in Strictest Confidence the Personal and Confidential Information of Supervisor**

Employee understands and acknowledges that in the course of working for Chahal and on assignments and undertakings related to that work, they may be exposed to highly confidential, proprietary, personal and/or sensitive information pertaining to Chahal and/or his business or personal affairs (hereinafter, the "Confidential Information"). Employee agrees and represents that they will not disclose, share, transmit or otherwise communicate *any* Confidential Information with *anyone* without the prior, express written consent of Chahal. In particular, but without limitation, Employee shall not disclose, share, transmit or otherwise communicate any Confidential Information to any representative of the print or electronic media, any competitors of Gravity4, any friends, family or associates of Employee, any persons not employed by Gravity4, or any officers, employees or independent contractors of Gravity4 other than Chahal. Employee further agrees and represents that they will not use any Confidential Information for any purpose or reason other than their work for Chahal. Employee further agrees that they will not solicit, seek or accept any compensation, directly or indirectly, for the disclosure or use of Confidential Information, nor shall they aid, assist or support other persons' efforts to do so. Employee's obligations and duties (1) to maintain the confidentiality of Confidential Information and (2) of loyalty to Chahal are material conditions of him or her employment, and in particular, any engagement with Chahal. If Employee discovers or becomes aware of any unauthorized disclosure or use of Confidential Information by other persons, they shall disclose it to Chahal immediately, and take all reasonable steps to stop such disclosure or use.

 (a) Employee's obligations set forth in this Agreement are continuing in nature. They shall remain in effect during and after Employee's employment at Gravity4.

 (b) Employee understands and acknowledges that while him or her employment at Gravity4 is terminable at will, him or her breach of or non-compliance with this Agreement shall constitute good cause for immediate termination.

 (c) Employee further agrees that if they or others under their control or with their knowledge accept compensation for any unauthorized disclosure or use of Confidential Information, she shall be liable to pay to Chahal all such compensation. In addition to such payment to Chahal, remedies for any breach of this Agreement by Employee shall include the payment of compensatory and punitive damages to Chahal, as well as all other remedies available at law or in equity.

(d)  This Agreement shall be interpreted and enforced in conjunction with Employee's written agreements with Gravity4.

## 2. No Modification Absent Express Writing; Governing Law; Enforcement Procedures

(a)  This Agreement may not be modified or amended absent the express, written consent of Chahal.

(b)  Employee agrees that any disputes or controversies arising from or relating to this Agreement or the Parties' performance hereunder, shall be subject to binding arbitration under the arbitration rules set forth in the California Code of Civil Procedure Section 1280 through 1294.2, including Section 1283.05 and pursuant to California law. Employee voluntarily agrees and accepts that in consideration for the terms and conditions of this Agreement, they waive any right to a trial by jury for any disputes or controversies concerning this Agreement or the Parties' performance hereunder. Any arbitration will be administered by the American Arbitration Association ("AAA") in accordance with its Rules. Employee Acknowledges that these AAA Rules are available online at **http://www.adr.org/aaa**. Chahal or Gravity4 shall pay for the costs or any arbitration; however, Employee acknowledges that the Arbitrator may award attorneys' fees and costs to the prevailing party, in addition to other remedies available at law or in equity.

## 3. Consultation with Outside Counsel; Understanding of the Agreement

Employee is encouraged to consult with him or her own attorney before entering into this Agreement, and acknowledges that they had a fair and reasonable opportunity to do so. Employee further acknowledges that they fully understands and accepts the terms of this Agreement.

BY SIGNING BELOW, THE PARTIES TO THIS AGREEMENT INDICATE THEIR ACCEPTANCE OF ITS TERMS:

Date: August 6, 2014                                   _____
                                                                                    Employee

Date: August ____, 2014                             _____
                                                                                    Gurbaksh Chahal

2