HARMEET K. DHILLON (SBN: 207873)
harmeet@dhillonlaw.com
KRISTA L. BAUGHMAN (SBN: 264600)
kbaughman@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Plaintiff Yousef Khraibut

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| YOUSEF KHRAIBUT, <br><br> Plaintiff, <br><br> v. <br><br> GURBAKSH CHAHAL, an individual; NIKHIL SHARMA, an individual; GRAVITY4, INC. d/b/a GRAVITY4 SOFTWARE, INC., a Delaware corporation; and DOES 1-10, <br><br> Defendants. | CASE NO. 3:15-cv-04463-CRB <br><br> Hon. Charles R. Breyer <br><br> **DECLARATION OF HARMEET K. DHILLON IN SUPPORT OF OPPOSITION TO MOTION TO COMPEL** <br><br> DATE: February 12, 2016 <br> TIME:    10:00 a.m. <br><br> TRIAL DATE:   None Set |

I, Harmeet K. Dhillon, declare as follows:

1. I am the attorney for the Plaintiff in the above-captioned case. I submit this declaration pursuant to Civil Local Rule 7-5, in support of the Plaintiff's Opposition to the Defendant's Motion to Compel Arbitration. I have personal knowledge of the facts contained in this declaration, and if called upon, I could and would competently and truthfully testify as follows:

2. The AAA Rules, attached as Exhibit A to the Declaration of Kerry Garvis Wright in



1  support of Defendants' Motion to Compel Arbitration, Doc. 15-2, are not alleged to have been
2  attached to the Agreement Defendants allege to have presented to Khraibut.

3      3.  In order to find the AAA Rules she references, I had to go through the following
4  steps:

5      a.  Searched "http://www.adr.org/aaa" on my internet browser;
6      b.  Navigated to the "Rules and Forms" tab;
7      c.  Navigated to the "Rules" subsection;
8      d.  Determined whether to look under the "Active Rules" section, "Archived
9      Rules" section, or the "Most Commonly Used Rules" section;
10     e.  Independently located the Employment Arbitration Rules from the 192
11     different sets of rules, of approximately 10,000 pages plus in length, available
12     on the AAA website that might potentially govern the dispute;
13     f.  Scrolled down 17 pages to specifically identify Rule 6(a) to learn of the
14     delegation provision.

15     4.  It is still not clear which set of rules would apply regarding the lawsuit our firm filed
16 for Mr. Khraibut, which includes claims ranging beyond the employment sphere including business
17 and tort claims.

18     5.  Five months before filing suit, I began discussing Khraibut's claims with Defendants'
19 counsel on May 20, 2015, exchanging twelve letters and meeting with Defendants' counsel in July
20 2015. The first mention of the Employment and Nondisclosure Agreement ("Agreement") did not
21 occur until September 11, 2015, at which time Defendants' counsel sent a letter alleging that the
22 Agreement prohibited Khraibut's disclosure of personal confidential information about Chahal. They
23 made no mention of an arbitration clause. See Exhibit A, attached.

24     6. I replied through correspondence on September 14, 2015, noticing the obvious
25 absence of the attachment of any such agreement to their letter, and requesting that Defendants'
26 counsel produce a copy of this Agreement immediately. Defendants' counsel did not produce
27 anything. As a result, this lawsuit was filed in federal court.

28     7.  Shortly thereafter, our firm sent a letter requesting Khraibut's complete employment



file, including his payroll records, all documents he signed relating to his employment, and his personnel file.

8. Defendants' counsel did not purport the Agreement to serve as an "Arbitration Agreement" until the Case Management Conference on October 21, 2015, nearly five months after our initial correspondence, and still without sending our firm a copy. They then produced a copy of it almost a week later, as the sole item in Khraibut's employment file, and several weeks after suit was filed.

9. Defendants' counsel failed to invoke arbitration in this case prior to Khraibut filing suit, even though they had done so in the state court case Khraibut's counsel had filed this year against Chahal and Gravity4 for plaintiff Erika Alonso, *Alonso v. Chahal and Gravity4, Inc.*, CGC-15-545426 (San Francisco Super. Ct. 2015). The Motion to Compel Arbitration in that matter was filed on April 24, 2015, a month before we began discussing Khraibut's claims. In the Alonso case, on August 31, 2015, the San Francisco Superior Court denied Chahal and Gravity4's motion to compel arbitration, on grounds that an agreement to arbitrate was not formed. See Exhibit B, attached. Defendants' counsel appealed this ruling on September 4, 2015. Throughout this time period, counsel for the parties were discussing Khraibut's claims.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on December 18, 2015, at San Francisco, California.

Date: December 18, 2015

By: *[signature]*
Harmeet K. Dhillon



3

Declaration of Harmeet K. Dhillon                                   Case No.15-CV-04463-CRB

# EXHIBIT A

# GlaserWeil

10250 Constellation Blvd.
19th Floor
Los Angeles, CA 90067
310.553.3000 TEL
310.556.2920 FAX

Patricia L. Glaser

**Direct Dial**
310.282.6217
**Direct Fax**
310.785.3517
**Email**
pglaser@glaserweil.com

September 11, 2015

VIA ELECTRONIC MAIL

Harmeet K. Dhillon, Esq.
DHILLON LAW GROUP INC.
177 Post Street
Suite 700
San Francisco, California 94108
Email: harmeet@dhillonlaw.com

Re:   *Yousef Khraibut / Confidentiality Agreements*

Dear Harmeet,

We did not hear back from you in response to our August 4, 2015 letter. We presume you still represent Mr. Khraibut and, as such, are writing to you; if you no longer represent him, please advise and we will re-direct this letter either to Mr. Khraibut's new counsel, or to Mr. Khraibut himself.

As you presumably know, in connection with his brief employment with Gravity4, Mr. Khraibut signed an Employment and Nondisclosure Agreement (the "Agreement"). Under the Agreement, Mr. Khraibut is obligated to not "disclose, share, transmit or otherwise communicate" with anyone any Confidential Information (defined in the Agreement to include confidential proprietary, personal and/or sensitive information pertaining to Mr. Chahal and/or his business or personal affairs).[1] Without limitation, the Agreement prohibits Mr. Khraibut from disclosing Confidential Information to members of the media.

We are writing because we have reason to believe that Mr. Khraibut – either directly or through counsel – has shared Confidential Information with *Wall Street Journal* reporter Jeff Elder. The Confidential Information provided to Mr. Elder includes a privileged and confidential mediation brief and exhibits and private banking information. We have reason to believe that Mr. Khraibut had access to, and subsequently improperly copied, these materials during the course of his brief employment.

---

[1] Mr. Khraibut's obligations under the Agreement survive the termination of his employment with Gravity4.

MERITAS LAW FIRMS WORLDWIDE

1068300.1

Harmeet Dhillon, Esq.
September 11, 2015
Page 2

Not only does Mr. Khraibut's disclosure of this Confidential Information constitute a breach of the Agreement, but also the unauthorized access and subsequent use of it violates other laws, such as, for example, California's Comprehensive Computer Data and Access Fraud Act, which provides for civil remedies for the aggrieved party, including, without limitation, compensatory damages, punitive damages, and attorneys' fees.

Such claims against Mr. Khraibut are, of course, in addition to the claims we previously outlined for you, including those for civil extortion and misappropriation of intellectual property.

If our understanding regarding Mr. Khraibut and/or his counsel's actions are incorrect, we request that Mr. Khraibut furnish a signed statement, under penalty of perjury, that he (1) has not retained *any* copies of *any* Confidential Information; and (2) has not provided *any* copies of *any* Confidential Information, including but not limited to the mediation brief and banking information discussed about, to any third party, including both members of the media and other agents or individuals.  Additionally, please confirm in writing that no individuals from your office provided any Confidential Information received from Mr. Khraibut to Mr. Elder or other members of the media.

This is a matter of the highest urgency; as a result, we require that Mr. Khraibut and you provide the requested responses no later than the close of business on Monday, September 14.  Failure to provide a timely response to this letter will force us to take other steps, including seeking court involvement, to enforce the protections over the Confidential Information.

This is written without waiver of or prejudice to our clients' rights and remedies, at law and/or in equity, all of which are hereby expressly reserved.

Sincerely,

*[signature]*

PATRICIA L. GLASER
of GLASER WEIL FINK HOWARD AVCHEN & SHAPIRO LLP

cc:  Kerry Garvis Wright, Esq.

1068300.1

# EXHIBIT B



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet
Aug-31-2015 4:37 pm

Case Number: CGC-15-545426

Filing Date: Aug-31-2015 4:37

Filed by: FELICIA GREEN

Juke Box: 001    Image: 05056358

ORDER

ENCARNITA ALONSO VS. GURBAKSH CHAHAL ET AL

001C05056358

**Instructions:**
Please place this sheet on top of the document to be scanned.



FILED
San Francisco County Superior Court

AUG 3 1 2015

CLERK OF THE COURT
BY: _____
Deputy Clerk

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| ENCARNITA ALONSO, | Case No. CGC-15-545426 |
| Plaintiff, | |
| vs. | ORDER DENYING MOTION TO COMPEL ARBITRATION |
| GURBAKSH CHAHAL, *et al.*, | |
| Defendants. | |

Defendants' motion to compel arbitration and stay this case is DENIED.

Plaintiff signed three documents for defendants on December 2, 2014: an offer letter titled "At-Will Employment with Gravity4, Inc.," an "Employment and Nondisclosure Agreement" and an "Employee Proprietary Information and Invention Assignment Agreement."[1] The latter two documents are incorporated into the former (*id.* at pp. 5-6), so the Court refers to the three together as "the Putative Contract."

Regarding arbitration, the Putative Contract is internally inconsistent – where not completely contradictory – in at least four key respects.

*First,* the offer letter states that "the Confidential Information and Invention Assignment Agreement *shall not* be subject to these arbitration provisions." *Id.* at p. 4 (emphasis added). However, the Confidential Information and Invention Assignment Agreement itself states: "*all* disputes between Company and Employee arising out of or related to this Agreement *shall* be settled by arbitration." *Id.* at p. 9 (emphasis added).

---

[1] The offer letter refers to this document as "Confidential Information and Invention Assignment Agreement."

*Second,* the Putative Contract requires use of three conflicting sets of arbitration rules. The offer letter provides for "the rules for resolution of employment disputes of JAMS Endispute LLC...*effective as of July 15, 2009.*" *Id.* at p. 4 (emphasis in original). The "Employment and Nondisclosure Agreement" requires use of American Arbitration Association rules. *Id.* at p. 2. The Confidential Information and Invention Assignment Agreement requires the JAMS Endispute rules "then in force" (*i.e.,* 2015, not 2009).

*Third,* the Putative Contract requires arbitration in two different forums: JAMS and AAA. Offer Letter p. 4; Employment and Nondisclosure Agreement p. 2.

*Fourth,* the Putative Contract sets conflicting rules regarding costs of arbitration. The offer letter states: "Gravity4 shall bear the costs of the arbitration filing and hearing fees, and the cost of the arbitrator." *Id.* at p. 4. The Employment and Nondisclosure Agreement states: "Chahal or Gravity4 shall pay for the costs or [*sic*] any arbitration." *Id.* at p. 2. The Confidential Information and Invention Assignment Agreement states: "The prevailing party in any action, arbitration or other proceeding hereunder shall be entitled to reasonable costs and attorneys' fees." *Id.* at p. 9.

Given all the above, the Court is compelled to find that "the contract terms were not clear enough that the parties could understand what each was required to do" and thus no contract was formed as to arbitration. *See* CACI 302. The Court does not opine on whether other provisions of the Putative Contract are salvageable or on the parties' other arguments.

Dated: August 31, 2015

_____
Richard B. Ulmer Jr.
Judge of the Superior Court