IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOUSEF KHRAIBUT,<br><br>Plaintiff,<br><br>v.<br><br>GURBAKSH CHAHAL, et al.,<br><br>Defendants. | Case No. 15-cv-04463-CRB<br><br>**ORDER TO SHOW CAUSE RE PUNITIVE DAMAGES AND ATTORNEYS' FEES** |

The Court hereby orders Plaintiff Yousef Khraibut to supplement his Motion for Default Judgment (dkt. 90) on or before March 4, 2021, with additional information.

First, the Court orders Khraibut to submit a clear breakdown of his requests for compensatory (economic and noneconomic) and statutory damages—by claim, by Defendant. If a set of claims arises from the same conduct such that one damages award applies to the set, Khraibut should explain as much. And where relevant, Khraibut should cite authority regarding apportioning damages among Defendants (e.g., whether joint and several liability applies). To the extent Khraibut believes Defendants should be held jointly and severally liable for the full amount of compensatory, statutory, and punitive damages sought, without regard to the specific claims asserted against each Defendant, Khraibut must explain his reasoning and cite relevant authority, if such authority exists.[1] In general, and as to each claim, the Court will not award damages based on an unclear or conclusory accounting of who is liable for what.

Second, in California, a plaintiff must produce evidence of the defendant's financial

---

[1] If certain claims for which damages are sought apply to only one party, or if the Court concludes that only one party is liable for a claim asserted against multiple parties, the Court is not aware of authority that would permit the Court to hold more than one party liable for damages arising from such claims.

condition for the Court to determine the reasonableness of punitive damages. See <u>Adams v. Murakami</u>, 54 Cal. 3d 105, 110 (1991). A plaintiff must produce evidence of not only a defendant's spending habits, but also the defendant's "actual wealth," including "liabilities" or other evidence going to the defendant's "ability to pay a punitive damage award." <u>Baxter v. Peterson</u>, 150 Cal. App. 4th 673, 680–81 (2007). The Court presently lacks sufficient information to determine the reasonableness of Khraibut's requested punitive damages awards as to Defendants Gurbaksh Chahal and Gravity4. The Court hereby orders Khraibut to submit any additional evidence and argument regarding this issue on or before March 4, 2021.

Third, to determine the reasonableness of the attorneys' fees that Khraibut seeks, the Court must evaluate the reasonableness of time spent on specific tasks. Thus, the Court orders Khraibut to submit a full breakdown of attorney time billed on or before March 4, 2021.

With this order, the Court reschedules the hearing currently set for March 4, 2021 to March 18, 2021.

**IT IS SO ORDERED.**

Dated: February 18, 2021

CHARLES R. BREYER
United States District Judge